# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50226 | **DATE** | 5/26/2011 |
| **CASE TITLE** | James Crosby (R06726) vs. Lieutenant Godwin, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed in forma pauperis [5] is granted. The trust fund officer at the plaintiff's place of confinement is ordered to deduct $9.62 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly payments toward the filing fee in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center. Counts I, II, and IV-VIII are dismissed for failure to state a claim upon which relief may be granted. Plaintiff may proceed with Count III only.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Pro se plaintiff James Crosby is an Illinois state prisoner. He has filed suit pursuant to 42 U.S.C. § 1983 challenging his treatment while incarcerated at the Dixon Correctional Center. Pending before the Court are his motion for leave to proceed *in forma pauperis*, and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.62. The trust fund officer at the plaintiff's place of incarceration is authorized to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where the plaintiff is confined is authorized to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint and dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The following facts are drawn from Plaintiff's proposed complaint and are accepted as true for purposes of this initial review, and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v.*

# STATEMENT

*Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)). "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide [D]efendant[s] with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the [P]laintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that he accidentally swallowed a screw that was in his biscuits and gravy at Dixon. He was taken to the health unit and was provided treatment. Two of the defendants, Godwin and Andrews, allegedly spoke in very harsh terms to plaintiff chastising him for swallowing the screw while he was at the health unit. Plaintiff was later terminated from his prison work assignment at the same dining facility where the incident occurred. He believes this was done is retaliation for his asking about his legal options in connection with the incident involving the screw. Plaintiff names two correctional officers and three dietary supervisors as defendants. He states that he is suing all defendants in their official and individual capacities. He raises federal claims of cruel and usual punishment (Count I), deliberate indifference (Count II), retaliation (Count III), and equal protection (Count IV), and state law claims of intentional infliction of emotional distress (Count V), personal liability (Count VI), respondent superior (Count VII), and indemnification (Count VIII). Plaintiff seeks monetary relief.

Plaintiff's suit against defendants in their official capacity is inappropriate. A suit against an official in his official capacity is, in actuality, a suit against that individual's employer — the State of Illinois in this case. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Illinois cannot be sued in this case because it has sovereign immunity from monetary damages claims and is also not a person for § 1983 purposes. *See Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 808 n.6 (7th Cir. 2010).

Plaintiff's allegations of cruel and unusual punishment in Count I and deliberate indifference in Count II invoke the same constitutional protection because the Eighth Amendment prohibition on cruel and unusual punishment prohibits a defendant from being deliberately indifferent to a prisoner's needs. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). However, these counts do not state a claim because a deliberate indifference requires intentional indifference — negligence or even gross negligence is not enough. *Id*. Plaintiff does not plausibly suggest any intentional misconduct by any defendant resulted in the screw being placed in his breakfast. Plaintiff's allegations suggest an accident, and at most this appears to be negligence.[1] Hence, Counts I and II fail to state claims upon which relief may be granted.

In Count III, plaintiff brings a claim for retaliation. The incident with the screw occurred in late March 2010. After passing the screw, he allegedly started to investigate his legal rights regarding the incident. He claims that he was terminated from his job working at the same dining facility where the screw incident occurred a day or two later for suspicion of theft. Plaintiff says that he is a very hard worker and was told by another supervisor that he was fired due to his intention of filing a future grievance and a possible lawsuit over the screw. Plaintiff apparently stopped for breakfast from his job at the dining facility when he swallowed the screw. Correctional officials may not retaliate against plaintiff for exercising a right protected by the First Amendment such as accessing the courts or filing a prison grievance. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). To state a claim for First Amendment retaliation, plaintiff must show: "(1) he engaged in activity protected by the

| STATEMENT |
|---|

First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the defendants decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citations omitted). Plaintiff has stated a plausible claim for retaliation.

The Equal Protection violations alleged in Count IV also fail to state a claim. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse, Wis.*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). There is no protected class at issue in this case, *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010), and so plaintiff's would have to proceed under equal protection "class of one" claim. *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). The question in a class-of-one claim is whether plaintiff was "singled out arbitrarily, without rational basis, for unfair treatment." *Id*. (citing *Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010); *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009)). Again, there is nothing to suggest that he was singled out for the placement of the screw in his meal. Plaintiff's complaint suggests nothing more than an accident.

In Count V, plaintiff alleges the state law tort of intentional infliction of emotional distress. This tort requires, among other things, an allegation that a defendant intended that his conduct inflict severe emotional distress, or knew that there is at least a high probability that his conduct will cause severe emotional distress. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 268-69 (2003). There are no such allegations and therefore plaintiff has failed state a claim for intentional infliction of emotional distress.

Counts VI, VII, and VIII are to be theories of liability, not causes of action. In addition, the "local public entities" subject to the indemnification provisions of the Local Governmental and Governmental Employees Tort Immunity Act do not include the State of Illinois or any office, officer, department, division, or agency of the State. *See* 745 ILCS 10/1-206. Therefore, Counts VI-VIII are dismissed for failure to state a claim upon which relief may be granted.

In summary, the plaintiff's motion for leave to proceed in forma pauperis is granted. The trust fund officer at the plaintiff's place of confinement is ordered to deduct $9.62 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly payments toward the filing fee in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center. After § 1915A review, the court dismisses Counts I, II, and IV-VIII for failure to state a claim upon which relief may be granted. Plaintiff may proceed with Count III only.

---

1. To the extent that plaintiff is alleging cruel and unusual punishment based on allegations that harsh words were spoken to him when he was in the medical unit, these allegations also fail to state a claim. The defendants allegedly threatened to put plaintiff on suicide watch, search his cell, and questioned why he would swallow the screw. However, no additional actions were taken. A claim of verbal harassment traditionally does not raise a constitutional violation. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). *Dobbey* held that a white prison guard hanging a noose for twenty minutes in the sight of a black inmate was not a constitutional violation. *Id*. at 444-45. Plaintiff does not allege in any way that defendants made a "credible threat to kill, or inflict any other physical injury." *Id*. The alleged harassment in this case is certainly less than what occurred in *Dobbey*.